UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DEA'SHAWN HARRISON,** | 2:25-CV-13573-TGB-APP |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2) AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1)** |
| **ALISON BROSCH,** | |
| Defendant. | |

Plaintiff Dea'Shawn Harrison filed a pro se complaint against Alison Brosch, the Operations Manager of the First Presbyterian Church located at 631 West Fort Street in Detroit, Michigan for an alleged breach of fiduciary duty in handling mail. ECF No. 1, PageID.6. Harrison requested permission to proceed in forma pauperis, that is, without prepaying the filing fees that would ordinarily apply. ECF No. 2. For the reasons explained below, Harrison's request to proceed without prepaying fees will be **GRANTED** but the Complaint will be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

The Court may authorize a person to file a complaint without prepaying the filing fees if that person submits an affidavit demonstrating that they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Harrison completed an Application to

Proceed in District Court Without Prepaying Fees or Costs, and indicated that he is unemployed and does not have any savings nor any expenses. ECF No. 2. On those allegations, the Court grants Harrison in forma pauperis status.

Next, if a person is authorized to proceed in forma pauperis, the Court must review the Complaint to ensure that it states a plausible claim for relief, is not frivolous or malicious, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the complaint fails any of these requirements, the court must dismiss it. *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *disapproved of by Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997). Pro se complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But they must still comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. Proc. 8(a)(2)-(3).

Here, the complaint must be dismissed because the Court lacks subject-matter jurisdiction to hear the case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction. Generally, federal courts only have jurisdiction over two types of cases: cases involving a federal question and cases involving diversity of citizenship of the parties.

A diversity of citizenship case, under 28 U.S.C. § 1332, is a case in which a citizen of one State sues a citizen of a different State and the amount at stake is more than $75,000. No defendant may be a citizen of the same State as any plaintiff. Plaintiff claims there is diversity jurisdiction in this case. ECF No. 1, PageID.3.

In his complaint, Plaintiff claims Defendant is a Michigan citizen whose street address is "631 West Fort Street, Detroit (Wayne), Michigan, 48226." Plaintiff indicated that his own street address is "23 East Adams Avenue, Detroit (Wayne), Michigan, 48226." ECF No. 1, PageID.2, 4. Based on the street addresses provided, there is no diversity of citizenship between the parties because both addresses are in Michigan. However, without explanation or specificity, Plaintiff later stated in his complaint that he is a citizen of South Carolina and resides in Dorchester County, which is a county in South Carolina or Maryland. *Id.* at PageID.4, 7.

In any event, Plaintiff did not meet the amount-in-controversy requirement for diversity of citizenship as he requested $500 per day for the alleged injury starting on August 6, 2025. Even assuming this would be the proper remedy, as of the date of the filing of the complaint, the alleged amount would be $49,000, which falls short of the required $75,000. *Id.* at PageID.6.

There does not appear to be federal question jurisdiction either. Under 28 U.S.C. § 1331, a case arising under the United States

3

Constitution or federal laws or treaties is a federal question case. Plaintiff's claim is based on an alleged breach of fiduciary duty under the by-laws of the Church. When asked to cite the U.S. civil statute under which he filed his suit, Plaintiff stated "N/A at this time." *Id*. at PageID.7.

Therefore, for the foregoing reasons, Harrison's in forma pauperis application is **GRANTED** but the case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED**.

Dated: November 17, 2025                /s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE